IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HOPE ALOHALANI CERMELJ,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT NAGO, *et al.*,<br><br>Defendants. | Civil No. 26-00241 MWJS-RT<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |

**INTRODUCTION**

Plaintiff Hope Alohalani Cermelj brings this action under 42 U.S.C. § 1983 against Defendants Scott Nago, Chief Election Officer for the State of Hawai'i Department of Elections; Mike Curtis, Chair of the State of Hawai'i Elections Commission; and Jon Hendricks, County Clerk for the County of Hawai'i.  Dkt. No. 1, at PageID.2-3.  Each is sued in their individual and official capacities.  *Id.*  Cermelj, who is proceeding pro se, also applies to proceed in forma pauperis (IFP)—that is, without prepaying the fees or security usually required to file an action in federal court.  Dkt. No. 2.

When an applicant seeks to proceed without payment of fees, the court must screen the complaint for deficiencies.  Having conducted that screening here, the court concludes that Cermelj's current complaint suffers from two deficiencies:  First, her complaint contains claims that this court is constitutionally barred from hearing under

the Eleventh Amendment's sovereign immunity principle.  And second, the remaining claims in their current form do not state a claim for relief.

In light of these deficiencies, which are described in further detail below, the court DISMISSES the complaint and DENIES the IFP application as moot.  But because it is possible that Cermelj could address the deficiencies in an amended pleading, the court grants her leave to file an amended complaint.  As explained below, if Cermelj wishes to file an amended complaint, she must do so by July 18, 2026.

## DISCUSSION

### A.   Screening of Plaintiff's Complaint

Under 28 U.S.C. § 1915(a), federal courts are required to "screen," or review, any complaint filed by a pro se plaintiff seeking to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(e)(2).  When the court screens the complaint, it liberally construes the litigant's pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).  But the complaint must be dismissed if, after screening, the court concludes that (1) it "seeks monetary relief against a defendant who is immune from such relief," or (2) "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

In deciding whether to dismiss a complaint under § 1915(a) for failure to state a claim, a court applies the same standards that govern a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir.

2015) (per curiam).  The complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)).  And when reviewing that statement of the claim under Rule 12(b)(6), a court must (1) isolate well-pleaded facts by removing legal conclusions and "threadbare recitals of a cause of action, supported by mere conclusory statements," and then (2) determine whether the remaining well-pleaded facts state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  In other words, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is plausible on its face when the complaint pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Pleading facts that are merely consistent with a defendant's liability is not enough; rather, the facts must yield "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

With these standards in mind, the court turns to a consideration of Cermelj's complaint.

### 1.  Official Capacity Claims Against State Officials

Cermelj's complaint names two state officials, Nago and Curtis, as defendants in their official capacities:  Nago is named as the Chief Elections Officer for the State of Hawai'i, while Curtis is named as the Chair of the Election Commission.  Dkt. No. 1, at

PageID.2.  When a plaintiff brings a lawsuit against a state official in their official capacity—rather than against them individually—any relief sought, including damages, flows from the state and not the named official.  For that reason, an official-capacity suit is akin to a suit against the state itself.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

And because Cermelj's official-capacity claims are effectively claims against the State of Hawai'i, they run up against the principle of sovereign immunity encapsulated in the Eleventh Amendment of the United States Constitution, which generally "prohibits federal courts from hearing suits brought by private citizens against state governments, without the state's consent."  *Nat. Resources Def. Council v. California Dept. of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996).  This immunity persists so long as the state has not waived it and Congress has not abrogated it.  *Dellmuth v. Muth*, 491 U.S. 223, 227 (1989).  And so it persists here:  the State has not waived its sovereign immunity in any relevant way, nor has Congress abrogated the State's sovereign immunity by passing § 1983.  Accordingly, the Eleventh Amendment shields Nago and Curtis from liability in their official capacities.  *See Martin v. Nago*, No. 22-CV-00460, 2023 WL 419671, at *2 (D. Haw. Jan. 26, 2023).

To be sure, sovereign immunity does not apply where a plaintiff's action seeks "*prospective relief* against a state official in his official capacity . . . to correct an ongoing violation of the Constitution or federal law."  *Cardenas*, 311 F.3d at 934–35 (9th Cir. 2002)

(citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908)).  But when a plaintiff aims at

"remedying a past violation of the law," she is not seeking prospective relief.  *Id*.  And

Cermelj's complaint does indeed look backward.  She requests two forms of relief:  (1)

damages for campaign spending of $100,000 over several past election cycles; and (2)

federal imprisonment for Nago.  Dkt. No. 1, at PageID.5.  Neither is an appropriate

prospective remedy.  The money damages claim does not qualify; it would be

"tantamount to an award of damages for a past violation of federal law."  *Papasan v.*

*Allain*, 478 U.S. 265, 278 (1986).  Nor is the request to incarcerate Nago forward looking;

our criminal system does not incarcerate a person to prevent the commission of a future

crime.[1]  As a result, the Eleventh Amendment bars this court from exercising subject

matter jurisdiction over all claims brought against Nago and Curtis in their official

capacities.  These claims therefore do not survive this court's screening.

### 2.   Official Capacity Claim Against County Official

Cermelj also brings an official-capacity claim against Hendricks, based on his

role as the Hawai'i County Clerk who is "in charge of elections."  Dkt. No. 1, at

PageID.3.  Claims against a county officer in their official capacity are essentially claims

against the County of Hawai'i itself.  *See Pistor v. Garcia*, 791 F.3d 1104, 1112 (9th Cir.

---

[1]   In any event, private citizens such as Cermelj do not have prosecutorial power and cannot bring criminal charges in a civil lawsuit.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  So even if the requested remedy could be viewed as prospective, it would then simply fail on the merits.

2015).  In that sense, an official-capacity suit against a county official works the same way as an official-capacity suit against a state official.  But there is a key difference: while states and their officials are generally immune from suit under § 1983, county governments are not.  As a result, county officials may be sued in their official capacity for "monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by a county official.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

The upshot is that Cermelj's official-capacity claim against Hendricks is not barred by sovereign immunity.  That means the court may consider the merits of the claim.  But in order to state an official-capacity claim against a municipal officer under § 1983, the complaint still must allege sufficient factual content for the court to reasonably infer that: "(1) that the plaintiff possessed a constitutional right of which [she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Van Ort v. Est. of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (cleaned up).

Here, Cermelj's complaint fails to allege a factual basis to satisfy these conditions. Granted, its allegations of election fraud, voter fraud, and falsifying documents, Dkt. No. 1, at PageID.3, may be fairly construed to allege the general deprivation of voting

6

rights, which are constitutionally protected. *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964) ("No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined."). And the complaint loosely suggests that various interferences with election ballots deprived Cermelj of her constitutionally-protected voting rights. *See* Dkt. No. 1, at PageID.4. These allegations might conceivably allege the deprivation of a constitutional right. Beyond this first condition, however, Cermelj's complaint fails to discernibly allege any facts showing the existence of an official County policy or custom that was responsible for depriving Cermelj of her constitutional rights. Therefore, even liberally construed, the complaint fails to state a claim against Hendricks in his official capacity.

In short, Cermelj has not met her burden of alleging sufficient facts to state a claim on which relief may be granted against Hendricks in his official capacity. The official-capacity claim against Hendricks does not survive screening.

### 3.    Individual Capacity Claims

That leaves Cermelj's claims against Defendants in their individual capacity. To state a claim against an individual in their personal capacity in the § 1983 context, a plaintiff must show that (1) the state or county official acted under color of law; and (2) that the conduct of the state or county official caused the plaintiff to be deprived of a constitutional or federally enumerated right. *Howerton v. Gabica*, 708 F.2d 380, 382 (9th

Cir. 1983).  An act is under color of law if it is "performed while the officer is acting, purporting, or pretending to act in the performance of his or her official duties." *McDade v. West*, 223 F.3d 1135, 1140 (9th Cir. 2000).

Here, the complaint does not adequately allege that any Defendant acted under color of law or caused the deprivation of Cermelj's rights.  In support of its claims, the complaint (1) associates Hendricks with an alleged "19,000 ballot discrepancy in [the] 2024 general election"; (2) alleges that Curtis acted with "no accountability [at] his chair position"; and (3) attributes to Nago "ballot fraud, election fraud, voter fraud, [and] not clearing voter rolls."  Dkt. No. 1, at PageID.4.  It also contains factual allegations regarding several election cycles—including missing ballots, compromised ballot drop boxes, a lack of transparency, and a payment for "mail-out ballots"—without clearly demonstrating how each defendant caused these to occur or assigning responsibility to any defendant.  *See id*. at PageID.4-5.  The complaint further alleges that the ballots in the 2016, 2018, 2022, and 2024 elections "are not true" and that the counted ballots lack "chain of custody," while linking Hendricks with a 19,000-ballot discrepancy.  *See* Dkt. No. 1, at PageID.4.

None of these allegations, even if accepted as true, would provide a plausible basis for concluding that any defendant was acting, purporting to act, or pretending to act under his official duties; or that any acts *caused* the deprivation of Cermelj's voting rights.  For example, although the complaint baldly asserts that Hendricks is associated

8

with a large ballot discrepancy, it does not offer any factual basis for finding that he did (or failed to do) anything to bring about that result.  And while Cermelj alleges that Nago committed election fraud and other violations, she offers no factual allegations to support these accusations.  As such, they are merely unadorned legal conclusions and are not entitled to the presumption of truth.  *See Iqbal*, 556 U.S. at 664, 678.  An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice to state a claim, *id.*; the complaint must include sufficient factual content to permit the conclusion that the defendant caused the harm—not just the conclusion itself.  Because Cermelj's complaint, in its current form, does not satisfy that requirement, her claims against Defendants in their individual capacity fail to state a claim and do not survive screening.

### B. The IFP Application

None of the claims in Cermejl's complaint has survived screening, and therefore the entirety of the complaint must be dismissed.  Given that dismissal, the court need not decide the sufficiency of Cermejl's IFP application at this time.  *See Marshall v. Wells Fargo*, No. 25-00437 MWJS-RT, 2025 WL 2938706, at *3 (D. Haw. Oct. 16, 2025) (denying a plaintiff's IFP application as moot after dismissing the complaint for failure to allege subject matter jurisdiction and facts showing entitlement to relief).  The IFP application is, therefore, DENIED as moot.

C.    **Cermelj is Granted Leave to Amend the Complaint**

The remaining question is whether Cermelj should be given an opportunity to address the deficiencies identified in her current complaint.  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the court should grant leave to amend as justice so requires, even absent a request to amend.  *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).  This is to ensure "legitimate claims with curable defects" are not dismissed without leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Pro se litigants, in particular, should be afforded leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Tripati v. First Nat'l Bank & Tr.*. 821 F.2d 1368, 1370 (9th Cir. 1987).

Under these standards, leave to amend is warranted.  The deficiencies outlined above are at least theoretically curable:  It is at least conceivable that Cermelj could address the deficiencies in her official-capacity claim against Hendricks and her individual-capacity claims against all Defendants.  It is also conceivable that Cermelj could identify an appropriate forward-looking form of relief against Nago or Curtis in their official capacity.  The court will, accordingly, grant leave to amend.  If Cermelj elects to amend her complaint, she should address the deficiencies discussed above.  If she seeks to reassert her official-capacity claims against Nago or Curtis, she must identify a prospective remedy she seeks.  If she seeks to reassert her official-capacity claim against Hendricks, she must satisfy the standards for asserting a claim against a

10

municipality, as described above.  And if she wishes to advance her individual-capacity claims, she must address the factual deficiencies discussed above, clearly explain how each defendant acted under the color of law, and allege sufficiently clear facts showing that each Defendant took actions that deprived her of her constitutional rights.

This grant of leave to amend is not unbounded, however.  Cermelj is not authorized, at this time, to add any new defendants or claims to an amended pleading, and she may not seek damages or other forms of backward-looking relief against Nago or Curtis in their official capacity.  Nor may Cermelj seek the relief of prosecution against any individual.  *See supra* p.5 n.1.

## CONCLUSION

For the foregoing reasons, the court DISMISSES Cermelj's complaint, Dkt. No. 1, with leave to amend and DENIES her IFP application, Dkt. No. 2, as moot.

If Cermelj elects to file an amended complaint, she must comply with the following requirements:

(1)    The deadline to file an amended complaint is July 18, 2026;

(2)    The amended complaint should be titled "First Amended Complaint"; and

(3)    Plaintiff must cure the deficiencies identified above.

Cermelj is cautioned that failure to either (a) timely file an amended pleading that conforms with this Order and concurrently file a new IFP Application; or (b) timely file an amended pleading and submit the filing fee will result in the automatic dismissal

11

of this action.  Until she files an amended pleading and either files a new IFP

Application or pays the filing fee, she should not file any other documents in this action.

IT IS SO ORDERED

DATED:  June 18, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

*Cermelj v. Nago, et al.*; Civil No. 26-00241 MWJS-RT; ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA
PAUPERIS AS MOOT