IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HOPE ALOHALANI CERMELJ,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT NAGO, *et al.*,<br><br>Defendants. | Civil No. 26-00241 MWJS-RT<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

## INTRODUCTION

Plaintiff Hope Alohalani Cermelj filed an amended complaint in her civil rights action, Dkt. No. 15, and a new in forma pauperis application ("IFP application") seeking to proceed without prepaying fees or costs, Dkt. No. 11. The amended complaint follows the court's prior order that (1) dismissed the initial complaint, as Cermelj's initial pleading failed to state a claim for relief under 28 U.S.C. § 1915(e), (2) denied the IFP application as moot, and (3) invited Cermelj to file an amended pleading curing the deficiencies and to either file a new IFP application or pay the required filing fee by July 18, 2026. Dkt. No. 8. The court now considers whether the amended complaint survives screening under 28 U.S.C. § 1915(a) and the IFP application.

//

//

## DISCUSSION

### A. Screening Plaintiff's Complaint

The legal standard for determining whether to dismiss a complaint under § 1915(a) for failure to state a claim is, as outlined in the court's prior order, Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 8, at PageID.20; *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). In conducting its Rule 12(b)(6) review, the court must determine if the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

In the court's prior order dismissing the initial complaint, the court outlined what Cermelj needed to do to cure the defects in the pleading. Dkt. No. 8, at PageID.27–28. The court instructed that for Cermelj's official-capacity claims against Nago or Curtis, she must identify a viable prospective remedy; for her official-capacity claim against Hendricks, she must establish municipal liability; and for her individual-capacity claims, she must address factual deficiencies. *Id*.

Cermelj's amended complaint fails to cure these defects. Start with the official-capacity claims against Nago or Curtis. The court's prior order explained that, among other things, "[i]f Cermelj seeks to reassert her official-capacity claims against Nago or Curtis, she must identify a prospective remedy she seeks." Dkt. No. 8, at PageID.27. In the amended complaint, Cermelj asks for the court to "find Scott Nago . . . guilty . . . &

incarcerate him in federal prison." Dkt. No. 15 at PageID.48. This is a remedy that Cermelj has already raised, Dkt. No. 1, at PageID.47, and that this court has already rejected and instructed Cermelj not to reraise. Dkt. No. 8 at PageID.28.

As for the claim against Hendricks, the amended pleading raises no facts giving rise to a municipal liability theory. As stated in the previous order, to state an official-capacity claim against a municipal officer under § 1983, the allegedly unconstitutional action must "implement[] or execute[] a police statement, ordinance, regulation, or decision officially adopted and promulgated." Dkt. No. 8, at PageID.23 (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). And Cermelj's amended pleading "fails to discernably allege any facts showing the existence of an official County policy or custom that was responsible for depriving Cermelj of her constitutional rights." Dkt. No. 8, at PageID.24.

Finally, in assessing whether Cermelj has a viable claim against Defendants in their individual capacities, the amended pleading does not contain factual allegations demonstrating how each defendant caused Cermelj's alleged injuries. Instead, the amended complaint contains only conclusory allegations that officials disregarded federal mandates to clean up voter rolls, violated federal mandates, and committed election fraud. Dkt. No. 15, at PageID.47, 49.

In short, the amended complaint does not state a plausible official-capacity, municipal liability, or individual-capacity claim for relief against any defendant.

**B. The IFP Application**

As in the previous order, because none of the claims in Cermelj's amended pleading survive screening, the entirety of the pleading must be dismissed. Dkt. No. 8, at PageID.26. Given that dismissal, the court need not decide the sufficiency of Cermelj's IFP application. *See* Dkt. No. 8, at PageID.26; *Marshall v. Wells Fargo*, No. 25-00437 MWJS-RT, 2025 WL 2938706, at *3 (D. Haw. Oct. 16, 20250 (denying a plaintiff's IFP application as moot after dismissing the complaint). The IFP application is, therefore, DENIED as moot.

**C. Leave to Amend the Complaint**

The final question is whether Cermelj should be given another opportunity to address the deficiencies identified in the amended pleading. Rule 15(a)(2) of the Federal Rules of Civil Procedures requires this court to "freely give leave" to amend a complaint "when justice so requires." This is especially so when the plaintiff is pro se, unless granting such leave would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

The defects identified in the amended complaint are the same as those identified in the court's earlier order, and it remains conceivable that Cermelj could theoretically cure the deficiencies. The court therefore concludes that it is appropriate to afford

Cermelj a further opportunity to do so. If Cermelj elects to amend her complaint, she must address the deficiencies discussed in the prior order. Dkt. 8, PageID.27–28 (outlining how Cermelj could address the deficiencies in the initial pleading). And as in the prior order, this grant of leave to amend is not unbounded: Cermelj cannot add any new defendants or claims; seek damages or other forms of backward-looking relief against Nago or Curtis in their official capacities; or seek the improper relief of criminal prosecution against any individual. Dkt. 8, PageID.28. On these terms, the court grants leave to file a Second Amended Complaint.

**CONCLUSION**

For the foregoing reasons, the court DISMISSES Cermelj's First Amended Complaint, Dkt. No. 15, and DENIES her IFP application, Dkt. 11, as moot.

If Cermelj elects to file another amended complaint, she must comply with the following requirements:

(1) The deadline to file an amended complaint is October 26, 2026;

(2) The amended complaint should be titled "Second Amended Complaint"; and

(3) Plaintiff must cure the deficiencies identified above.

If Cermelj files another amended complaint that conforms with this Order, it must be timely filed either (1) alongside a new IFP application or (2) the filing fee. Failure to do either of these will result in automatic dismissal of this action. Until

Cermelj files an amended pleading with a new IFP Application or the filing fee, she should not file any other documents in this action.

IT IS SO ORDERED.

DATED: September 28, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge